UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| ROSALIO CRUZ-REA, | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) Case No. 3:11-cv-00166-RLY-WGH |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) |

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of Rosalio Cruz-Rea for relief pursuant to 28 U.S.C. § 2255 must be **denied**. In addition, the court finds that a certificate of appealability should not issue**.**

### I.  Factual Background

On July 8, 2009, after a seven day jury trial, Mr. Cruz-Rea was found guilty of both counts of the Second Superseding Indictment in cause number 3:07-CR-41-RLY-WGH. Count 1 alleged that Mr. Cruz-Rea (and multiple co-defendants) conspired to possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Count 2 alleged that Mr. Cruz-Rea (and one co-defendant) possessed with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1).

On October 5, 2009, a sentencing hearing was conducted and Mr. Cruz-Rea was sentenced to a term of imprisonment of 324 months, to be followed by five years of supervised release. Judgment of conviction was entered on the district court's docket on October 14, 2009.

Mr. Cruz-Rea appealed his convictions and his sentence to the Seventh Circuit. On November 17, 2010, the Court of Appeals affirmed Mr. Cruz-Rea's convictions and sentence. *See United States v. Cruz-Rea*, 626 F.3d 929 (7th Cir. 2010).

This motion for post-conviction relief pursuant to 28 U.S.C. § 2255 followed. As explained in the Entry of March 3, 2015, most of Mr. Cruz-Rea's grounds for relief were denied without a hearing because, "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief" on those grounds. 28 U.S.C. § 2255(b).

Three claims, however, could not be resolved without further development. In an effort to resolve two specific claims of ineffective assistance of counsel, an evidentiary hearing was held on September 28, 2015. The first claim is that after Mr. Cruz-Rea's arrest (on January 23, 2008), he provided law enforcement officers with an involuntary statement which his counsel should have sought to suppress. Second, Mr. Cruz-Rea claims that if his lawyer had provided him with certain information he would have realized the strength of the evidence and accepted the United States' second plea offer. Finally, the briefing on Mr. Cruz-Rea's claim that his appellate counsel was ineffective is now complete and ripe for resolution. It is these three claims which are discussed below.

**II. Evidentiary Hearing**

As noted, an evidentiary hearing was held on September 28, 2015. Mr. Cruz-Rea appeared in person along with his attorneys, Joseph Martin Cleary and Sara J. Varner. Mr. Cruz-Rea was further assisted by an interpreter. Testimony was solicited from Mr. Cruz-Rea, Ronald Freson (Cruz-Rea's attorney at trial), Mike Hamideh (a Detective with the Salt Lake City Police

Department), and Edwin Kiel (Sergeant over investigations with the Washington County Sheriff's Department in Utah).[1]

Mr. Cruz-Rea has the burden of proving his claims and to prevail he must "sustain[] his allegations by a preponderance of evidence." *Walker v. Johnston*, 312 U.S. 275, 286 (1941). For the reasons explained below, Mr. Cruz-Rea was unable to meet this burden. In reaching the conclusions of fact set forth below, this court relied on the evidence of record in this case and the testimony presented at the September 28, 2015, hearing.

**A. Voluntary Statement**

After his arrest (on January 23, 2008), Mr. Cruz-Rea provided law enforcement officers with a statement. See dkt. 27-1 (Report of Investigation). Mr. Cruz-Rea asserts that this statement was not voluntary, should have been the basis of a suppression motion, and demonstrates the ineffectiveness of his trial counsel. All parties agree that Mr. Cruz-Rea made an extensive post-arrest statement very favorable to the government which was catastrophic to his defense. See dkt. 47-1, Omnibus Hearing, at p. 6. Mr. Cruz-Rea argues that his counsel was ineffective because he should have moved to suppress his statement.

Mr. Cruz-Rea testified that on January 23, 2008, he was arrested and taken to the police station and told to answer questions. He denies being told that he could refuse to answer questions or that he had the right to speak to a lawyer. He testified that he was threatened with physical force and was told that he did not have any rights under the United States Constitution because he is a Mexican citizen. Mr. Cruz-Rea stated that Det. Hamideh threatened to take his children away. At the hearing, Mr. Cruz-Rea testified for the first time that he had medication in his car for stress

---

[1] Det. Hamideh, Sgt. Kiel and Attorney Freson appeared via video conferencing. The video was clear and allowed those present in the Courtroom to view the witnesses demeanor and facial expressions.

3

and anxiety but that he was denied access to this necessary medication. He also testified contrary to his earlier declaration that only Det. Hamideh was present during the interview.

Mr. Cruz-Rea further testified that he "would not have confessed, cooperated, made any statements, signed or give[n] consent to search any place, person or thing, had [he] not be [sic] threatened, mislead, and intimidated by the police officer." Decl. Dkt. 1 at 77-79. He states that he informed Attorney Freson of all these facts, but Attorney Freson said that when you are arrested by the Drug Enforcement Agency there is nothing you can do. If these facts were true, Mr. Cruz-Rea's counsel should have moved to suppress his post-arrest statements because due process requires that a criminal conviction not be based on an involuntary confession. *See U.S. v. Vallar*, 635 F.3d 271, 282-83 (7th Cir. 2011) (discussing when a confession is involuntary).

Mr. Cruz-Rea's version of events, however, is not credible. His testimony is internally inconsistent and he has an obvious incentive to misstate the truth. In contrast, the testimony of Det. Hamideh, Sgt. Kiel, and Attorney Freson directly contradicted Mr. Cruz-Rea's version of events. Their testimony was consistent and in all ways credible. This testimony is summarized below.

Det. Hamideh is a detective with the Salt Lake City Police Department. In January of 2008 he was assigned to the Drug Enforcement Agency Metro Narcotics Task Force in Washington County, Utah. Prior to 2008, Det. Hamideh had been a police officer for ten years. Det. Hamideh is a fluent Spanish speaker.  His mother is Peruvian and he grew up speaking Spanish at home.

On January 23, 2008, Det. Hamideh conducted an interview with Mr. Cruz-Rea. Mr. Cruz-Rea had been arrested as part of a large investigation. Det. Hamideh's involvement with the investigation, however, was minimal. The detective had been called in to assist with the interview of Mr. Cruz-Rea because of his Spanish language skills. He read Mr. Cruz-Rea his Miranda rights in Spanish and asked Mr. Cruz-Rea if he understood and he said yes. Det. Hamideh believes that

4

Mr. Cruz-Rea fully understood the information he was given and the questions he was asked (all in Spanish) because his responses to the questions were on point, detailed and clear. There was no communication barrier.

Det. Hamideh testified that Mr. Cruz-Rea never appeared to want to exercise any of his *Miranda* rights (for example, to remain silent or to speak with an attorney). The interview was amicable. Mr. Cruz-Rea was cooperative and willingly provided substantial information. Det. Hamideh did not yell at Mr. Cruz-Rea and it is not in his nature to get excited. Det. Hamideh believed Mr. Cruz-Rea's motivation for providing the information was to take full responsibility for the drug business in an effort to protect Anna Gonzalez (a woman he claimed was his wife). Det. Hamideh did not tell Mr. Cruz-Rea and never has told anyone that they do not have rights because they are Mexican. Det. Hamideh did not threaten Mr. Cruz-Rea with the removal of his children or with physical violence. He did not show his gun to Mr. Cruz-Rea. In addition, Mr. Cruz-Rea did not tell Det. Hamideh that he needed medication, nor did Mr. Cruz-Rea appear to be in distress.

Sgt. Edwin Kiel was present during this interview. Sgt. Kiel is currently employed by the Washington County Sheriff's Department as a Sergeant over investigations. In 2008 he was assigned to the drug task force as a detective. He was involved in the arrest and investigation of Mr. Cruz-Rea. However, Sgt. Kiel does not speak Spanish and thus his role in the post-arrest interview of Mr. Cruz-Rea was minimal. Sgt. Kiel testified that although he did not understand what was said during the interview with Det. Hamideh that he did not observe anything that could be considered threatening. After Det. Hamideh was finished asking questions, Sgt. Kiel did ask a few questions in English which Mr. Cruz-Rea answered in English. Mr. Cruz-Rea never indicated

that he wanted to assert any right, nor was he told that he could not assert his rights because he is not an American citizen. Mr. Cruz-Rea never requested medication of any type.

Ronald Freson was appointed on March 4, 2008, to represent Mr. Cruz-Rea in his criminal case. Mr. Freson found that it was extremely difficult to communicate with Mr. Cruz-Rea in English. It is for this reason that he relied on an interpreter during most meetings with Mr. Cruz-Rea. Mr. Freson discussed the statement Mr. Cruz-Rea made to police as reflected in the report of investigation. During these discussions, Mr. Cruz-Rea never told Mr. Freson that his statement was coerced or involuntary. He never mentioned that he was told he had no rights because he is Mexican or that he was denied any necessary medication. Given their conversations, Mr. Freson did not identify any non-frivolous basis on which to seek to suppress Mr. Cruz-Rea's statement.

Accepting Det. Hamideh, Sgt. Kiel and Attorney Freson's testimony as true, this court finds that Mr. Cruz-Rea was informed of his rights but chose to voluntarily waive those rights by answering questions without an attorney. The court finds that no misconduct occurred in the questioning of Mr. Cruz-Rea and that Mr. Cruz-Rea's consent to search was voluntary. Because there was no misconduct, Mr. Cruz-Rea's attorney acted appropriately and was not ineffective in not seeking to suppress the post-arrest statement. Mr. Cruz-Rea's request for relief on this basis is **denied.**

**B.    Plea Agreement**

Next, Mr. Cruz-Rea argues that if he had been provided with certain information he would have realized the strength of the evidence against him and accepted the United States' second plea offer.

As a criminal defendant, Mr. Cruz-Rea had the right to effective assistance of counsel in deciding whether to reject a plea offer. *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir.

2007). "If a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it. If that right is denied, prejudice can be shown if loss of the plea opportunity led to a trial resulting in a conviction on more serious charges or the imposition of a more severe sentence." *Lafler v. Cooper*, 132 S.Ct. 1376, 1387 (2012).

Mr. Cruz-Rea complains that his trial counsel failed to provide him with wiretap evidence so that he could verify the legitimacy and accuracy of the recorded evidence. Mr. Cruz-Rea argues that if he had been provided that information he would have realized the strength of the evidence and accepted the second plea offer.

A review of the complete transcript of the May 13, 2009, Omnibus Hearing conclusively demonstrates Mr. Cruz-Rea's understanding, and informed rejection of, the plea agreement. The issue then, is whether counsel was ineffective in failing to provide Mr. Cruz-Rea with the wiretap evidence (after he requested this evidence) in order to determine whether to accept the second plea agreement. Mr. Cruz-Rea also suggests that he would have pled guilty to the charged offense if he had understood that a separate hearing to establish drug quantity would be held.

Attorney Freson testified that the evidence against Mr. Cruz-Rea was overwhelming and that the wiretap evidence was not, in his view, significant. Mr. Freson testified that he played the calls identified by the United States as the calls most likely to be played at trial for Mr. Cruz-Rea while an interpreter was present. The calls were not particularly meaningful to Mr. Freson because the calls were primarily in Spanish and he does not speak Spanish. Given the volume of calls that were recorded, arrangements were made for all of the defendants incarcerated at the Henderson County Detention Center in Kentucky to listen to the calls through their custodian. The recordings were made available through the law library and Mr. Cruz-Rea was given the opportunity to listen to these calls.

Mr. Cruz-Rea explained at the hearing that he only spent about an hour and a half listening to the recorded calls because his attorney told him that he was not on any of the calls. He also testified that Attorney Freson did not play the calls with Mr. Cruz-Rea's voice on them for Mr. Cruz-Rea. The effect of these circumstances, Mr. Cruz-Rea states is that he was unaware that the United States actually had a lot of evidence against him. Given his detailed confession reflected in the report of investigation, this statement is not credible. The United States had ample evidence to convict Mr. Cruz-Rea even without the wiretap recordings.

In addition, Mr. Freson was given no indication that Mr. Cruz-Rea was refusing to plead guilty because he lacked sufficient evidence of his guilt or because he wanted to listen to additional wiretap recordings. Instead, Mr. Freson believed that Mr. Cruz-Rea declined to plead guilty (against his advice) out of Mr. Cruz-Rea's mistaken belief that going to trial and taking responsibility for his actions could help his family. Mr. Cruz-Rea maintained this belief despite Mr. Freson's advice to the contrary.

Attorney Freson's testimony is accepted as true. Mr. Cruz-Rea refused to plead guilty against the advice of his counsel. Mr. Cruz-Rea wanted to go to trial even though the evidence against him was insurmountable. Mr. Cruz-Rea had the opportunity to listen to all of the wiretap recordings relevant to his case through the Henderson County Detention Center's law library. He did not require assistance from his lawyer or an interpreter in reviewing these recordings because they were in Spanish. Under these circumstances, Mr. Freson was not ineffective in advising Mr. Cruz-Rea to accept the second plea agreement. Mr. Cruz-Rea has not shown that but for the ineffective advice of counsel there is a reasonable probability that he would have accepted any plea offer from the United States.

### III. Ineffective Assistance of Counsel on Appeal

Mr. Cruz-Rea's final argument is that his appellate counsel was ineffective on appeal. To show that his appellate counsel was ineffective, Mr. Cruz-Rea must prove that (1) counsel's performance fell below an objective standard of reasonableness, and (2) he was prejudiced by counsel's error. *Strickland v. Washington*, 466 U.S. 668, 687-92 (1984); *Suggs v. United States*, 513 F.3d 675, 678 (7th Cir. 2008). When a petitioner contends that his appellate counsel was ineffective because counsel overlooked a meritorious argument, counsel shall be found deficient only if the appellate attorney in fact omitted significant and obvious issues and if the ignored issues are clearly stronger than those raised. *See Stallings v. United States*, 536 F.3d 624, 627 (7th Cir. 2008).

Mr. Cruz-Rea raises four claims of ineffective assistance of counsel on appeal. First, Mr. Cruz-Rea argues that his appellate counsel should have sought a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a) because he assisted law enforcement agents by informing them of unknown facts and consented to the search of his residence. But as the United States aptly points out, Mr. Cruz-Rea has yet to accept responsibility for his criminal conduct.

A reduction under Section 3E1.1 of the Sentencing Guidelines is appropriate when, "the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). That did not occur in this case. Mr. Cruz-Rea went to trial, appealed his conviction and sentence, and is now challenging that conviction and sentence. Because Mr. Cruz-Rea did not qualify for an acceptance of responsibility reduction, appellate counsel was not ineffective for failing to raise this issue on appeal. Appellate attorneys are not required to present losing arguments. *Whitehead v. Cowan,* 263 F.3d 708, 731 (7th Cir. 2001).

Second, Mr. Cruz-Rea argues that his appellate counsel failed to challenge the district court's drug quantity findings, specifically, the district court's consideration of drug quantities applicable to counts of which Mr. Cruz-Rea was acquitted. In response, the United States argues that counsel was not ineffective for failing to raise this issue on appeal because it was not supported by the law. The Seventh Circuit has repeatedly reaffirmed the rule that sentencing judges determine the facts relevant to sentencing based upon a preponderance standard. *E.g, United States v. Lucas*, 670 F.3d 784, 790 (7th Cir. 2012); *United States v. Walltower*, 643 F.3d 572, 574-579 (7th Cir. 2011); *United States v. Booker*, 612 F.3d 596, 602-603 (7th Cir. 2010); *United States v. Ashqar*, 582 F.3d 819, 823-825 (7th Cir. 2009). Indeed, "[e]very circuit to have considered the question post-*Booker*, including [the Seventh], has held that acquitted conduct may be used in calculating a guidelines sentence, so long as proved by a preponderance standard." *Walltower*, 643 F.3d at 577.

The district court's drug quantity finding was consistent with the evidence and the law. There was no error in this regard. Accordingly, Mr. Cruz-Rea's appellate counsel was not ineffective for failing to raise this argument on appeal.

Next, Mr. Cruz-Rea asserts that appellate counsel was ineffective because he failed to seek review of the voice sample. He is mistaken. Appellate counsel did seek review of that issue. *Cruz-Rea,* 626 F.3d at 934-36.

Finally, Mr. Cruz-Rea claims that his counsel was ineffective for failing to request the entire transcript of his criminal trial. However, Mr. Cruz-Rea's trial counsel, Ron Freson, represented Mr. Cruz-Rea through the writing of his notice of appeal to the Seventh Circuit. Thus, Attorney Freson was present for all of the proceedings which were not transcribed and was aware that these transcripts would not be necessary to any appeal. Mr. Cruz-Rea (who was also present

during the trial) has failed to show that he was prejudiced by the fact that some portions of Mr. Cruz-Rea's criminal proceedings were not transcribed.

With respect to his appellate representation, Mr. Cruz-Rea has identified no obvious issue not asserted by counsel or any issue stronger than those raised by his appellate counsel, nor has he shown any deficiency in the presentation of his appeal. *See Winters v. Miller*, 274 F.3d 1161, 1167 (7th Cir. 2001) ("a petitioner demonstrates the requisite prejudice only when appellate counsel fails to raise an issue that may have resulted in a reversal of the conviction, or an order for a new trial."). Accordingly, Mr. Cruz-Rea's claims of ineffective assistance of appellate counsel are **denied.** No relief is warranted on this basis.

## IV. Conclusion

This Entry and the Entry of March 3, 2015, resolve all the grounds for relief raised by Mr. Cruz-Rea in his motion for relief pursuant to § 2255. The Seventh Circuit noted in *United States v. Farr,* 297 F.3d 651, 657-58 (7th Cir. 2002):

> We have observed in the past that criminal defendants frequently "demonize" their lawyers. "If we are to believe the briefs filed by appellate lawyers, the only reasons defendants are convicted is the bumbling of their predecessors. But lawyers are not miracle workers. Most convictions follow ineluctably from the defendants' illegal deeds." *Burris v. Farley*, 51 F.3d 655, 662 (7th Cir. 1995).

Mr. Cruz-Rea has failed to show that he is entitled to the relief he seeks. His motion for relief pursuant to 28 U.S.C. § 2255 must be **denied** and this action is dismissed with prejudice.

Judgment consistent with this Entry shall now issue. This Entry shall also be entered on the docket in the underlying criminal action, **No. 3:07-cr-41-RLY-WGH-1.**

## V. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2255 Proceedings*, and 28 U.S.C. § 2253(c), the court finds that Mr. Cruz-Rea has failed to show

that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore denies a certificate of appealability.

**IT IS SO ORDERED.**

Date:   9/30/2015

                                  RICHARD L. YOUNG, CHIEF JUDGE
                                  United States District Court
Distribution:                     Southern District of Indiana

All Electronically Registered Counsel

**Note to Clerk:** This Entry shall also be entered on the docket in the underlying criminal action, **No. 3:07-cr-41-RLY-WGH-1.**